**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-1947**

MICHAEL THOMPSON

Plaintiff – Appellant,

v.

BRISK TRANSPORTATION, LP; SUPERVALU

Defendants – Appellees.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   William D. Quarles, Jr., District
Judge.  (1:06-cv-01968-WDQ)

Argued:  September 24, 2010        Decided:  November 15, 2010

Before SHEDD and KEENAN, Circuit Judges, and Robert J. CONRAD,
Jr., Chief United States District Judge for the Western District
of North Carolina, sitting by designation.

Affirmed by unpublished opinion.  Judge Shedd wrote the opinion
in which Judge Keenan and Judge Conrad joined.

Eugene Alan Shapiro, SHAPIRO & SCHAUB, PA, Baltimore, Maryland,
for Appellant.   Alice Kelley Scanlon, ANDERSON & QUINN,
Rockville, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

SHEDD, Circuit Judge:

Michael Thompson appeals the district court's order granting summary judgment to Brisk Transportation, LP and SuperValu, Inc. For the reasons below, we affirm.

I.

We view the evidence in the light most favorable to Thompson, the non-moving party. Laber v. Harvey, 438 F.3d 404, 415 (4th Cir. 2006) (en banc). SuperValu owns a trucking facility in Harrisburg, Pennsylvania, where tractor trailers are loaded for delivery; Brisk Transportation maintains and owns a majority of the trailers at the facility. Thompson was an independent tractor-trailer operator for Brisk Transportation.

On December 9, 2004, Thompson attempted to hook his tractor up to his assigned, pre-loaded trailer. However, SuperValu employees known as yard jockeys had positioned the pre-loaded trailer too high for Thompson to properly couple with his tractor. Thompson tried to make the coupling himself by turning a crank under the trailer to lower its landing gear. As Thompson began turning the crank, he noticed the landing gear was bent and sliding. The crank handle then spun out of Thompson's hand and struck him on the face.

Thompson brought this action against Brisk Transportation and SuperValu, alleging various causes of action in negligence.

2

The district court granted defendants' summary judgment motions on various grounds, including lack of causation.

## II.

Thompson argues that the district court erred in granting summary judgment as to his various negligence claims against both Brisk Transportation and SuperValu. Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case," the moving party is entitled to summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). We review the district court's order granting summary judgment de novo. Jennings v. Univ. of N.C., 482 F.3d 686, 694 (4th Cir. 2007) (en banc).

Under Pennsylvania law, which the parties agree controls, causation is an essential element of a negligence cause of action. See Martin v. Evans, 711 A.2d 458, 502 (Pa. 1998). As noted, the district court granted summary judgment, at least in part, because Thompson failed to offer any admissible evidence of causation. Thompson did not offer expert testimony to

3

establish causation, and the district court ruled that Thompson cannot testify himself as to causation or submit a theory of res ipsa loquitur to the jury.

A.

Thompson argues that the district court abused its discretion in holding that expert testimony was necessary to prove causation. Specifically, Thompson argues that the court should have permitted him to testify as to causation pursuant to Federal Rule of Civil Procedure 701. The court found that although Thompson's testimony may be helpful in understanding how the accident occurred, it "offers no insight [into] whether the equipment was defective because of someone's negligence." J.A. 240.

We review the district court's evidentiary ruling for abuse of discretion. United States v. Delfino, 510 F.3d 468, 470 (4th Cir. 2007). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." Id.

We hold that the district court acted within its discretion in requiring expert testimony and excluding Thompson's testimony as to causation. The district court made a reasonable

4

determination that the operation of a tractor-trailer's landing gear and crank is not within the common knowledge of a juror and, consequently, requires expert testimony, which Thompson failed to offer. See Kale v. Douthitt, 274 F.2d 476, 481 (4th Cir. 1960) (expert testimony is necessary in "cases in which the conclusions to be drawn by the jury depend on the existence of facts which are not common knowledge"). Therefore, Thompson could not supply such testimony as a lay witness. See Fed. R. Civ. P. 701 (a witness not testifying as an expert is limited to those opinions "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702"); TLT-Babcock, Inc. v. Emerson Elec. Co., 33 F.3d 397, 400 (4th Cir. 1994) (affirming district court's refusal to admit lay testimony not based upon witness' own perceptions).

### B.

Thompson also argues that the district court erred by refusing to permit him to submit the theory of res ipsa loquitur to the jury in order to allow the jury to infer that the harm he suffered was caused by Brisk Transportation's negligence. However, Thompson did not make similar claims against SuperValu. Pennsylvania recognizes the theory of res ipsa loquitur where a plaintiff can make three requisite showings by a preponderance of the evidence: (1) the event is of the kind that ordinarily

5

would not occur in the absence of negligence; (2) the elimination of other responsible causes, including the conduct of the plaintiff and third persons; and (3) the alleged negligence is within the scope of defendant's duty to the plaintiff. Gilbert v. Korvette, Inc., 327 A.2d 94, 100-101 (Pa. 1974).

Upon review, we find that Thompson has not eliminated other potentially responsible causes of his accident. Notably, Thompson argues that the yard jockeys employed by SuperValu bent the landing gear, thereby causing his accident. Additionally, Thompson failed to eliminate his own actions as a possible cause of the accident. Therefore, we find that Thompson failed to eliminate other possible causes of the accident and, consequently, the jury could not reasonably draw an inference of negligence against Brisk Transportation pursuant to the doctrine of res ipsa loquitur. See Longsdale v. Joseph Horne Co., 587 A.2d 810, 815-816 (Pa. Super. Ct. 1991) (finding that where plaintiff did not sufficiently eliminate other responsible causes of the accident, the jury could not reasonably conclude that it was more likely than not that her injuries were the result of the defendant's negligence). Accordingly, we find no error in the district court's refusal to submit the theory of res ipsa loquitur to the jury.

III.

For the foregoing reasons, we affirm the order granting summary judgment to the defendants.

<u>AFFIRMED</u>